Debtor(s): __Audra Michele Dugger__    Case Number: __19-10520__

United States Bankruptcy Court for the **WESTERN DISTRICT OF LOUISIANA-SHREVEPORT DIVISION**

# Chapter 13 Plan – Western District of Louisiana

☐ Check here if this is a modified plan.

☐ Check here if this is an amended plan.

List below the sections that have been changed.

Reason for Amendment/Modification

## Part 1: Notices

To Debtors: This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial division. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

To Creditors: Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | The plan sets out Nonstandard Provisions in Part 9. | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | This Plan limits the amount of Secured Claims in 3.1 and/or 3.2 based on a Valuation of the Collateral for the claim. | ☑ Included | ☐ Not Included |
| 1.3 | This Plan avoids a Security Interest or Lien in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.4 | This Plan cures or maintains a loan secured by the Debtor's Principal Residence in 3.1. | ☐ Included | ☑ Not Included |
| 1.5 | This Plan provides for the treatment of a Domestic Support Obligation in 4.3 and/or 4.4. | ☐ Included | ☑ Not Included |
| 1.6 | This plan includes a claim that was either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s); or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value in 3.3. | ☐ Included | ☑ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments for a total of 38 months to the trustee as follows:**

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

☑ **Original Plans.** $300 per **month** for 38 months, and
$ ____ per ____ for ____ months.
$ ____ per ____ for ____ months.

☐ **Modified Plans.** $____ has been paid in for the first ____ months; then
$____ per ____ for ____ months, and
$____ per ____ for ____ months.

$_____ per _____ for _____ months.

    **Check one:** The applicable commitment period is:   36 months (Below Median Income) ☑
                                                                                  60 months (Above Median Income) ☐

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

    Debtor(s) will make payments pursuant to a payroll deduction unless otherwise excused by the Chapter 13 Trustee or the Bankruptcy Court.

**Income tax refunds.** During the pendency of this case debtor(s) shall file both Federal and State Income Tax Returns timely and provide copies of same to the Standing Chapter 13 Trustee immediately upon filing of each annual return.

Debtor(s) will pledge income tax refunds as follows:

| All income tax refunds excluding Earned Income Credit, Child Tax Credit, and $1,000.00 per debtor. |
|---|

**2.3 Additional Payments. (In addition to 2.1 above)**
*Check one.*

☑    **None.** *If "none" is checked, the rest of § 2.3 need not be completed or reproduced.*

### Part 3: Treatment of Secured Claims

**3.1 A. Maintenance of payments and cure of default of <u>Principal Residence</u> under 1322(b)(3), including post-petition default payments, if any**

*Check one.*

☑    **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**B. Maintenance of payments and cure of default <u>other than</u> Principal Residence under 1322(b)(3), including post-petition default payments, if any.**

*Check one.*

☑    **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims**

*Check one.*

☐    **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

***The remainder of this paragraph will be effective <u>only</u> in the applicable box in Part 1 of this plan is checked.***

☑    The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

    The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

    The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

    (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor. See Bankruptcy Rule 3015.

| Name of Creditor | Estimated Amount of Creditor's total Claim | Collateral Description | Value of Collateral | Amount of Secured Claim | Interest Rate | Estimated avg. monthly payment to creditor |
|---|---|---|---|---|---|---|
| Quantum3 Group LLC as agent for | $16,148.12 | 2014 Fiat 500L 76,000 miles | $5,687.50 | $5,687.50 | 6.5% | $175.26 |

3.3 Secured claims excluded from 11 U.S.C. § 506. (11 U.S.C. §1325(a) - 910 day Car Claim or 365 day Personal Property)

*Check one.*

☑   None. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

3.4 **Lien avoidance**

*Check one.*

☑   None. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5 **Surrender of Collateral**

*Check one.*

☑   None. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

### Part 4: Treatment of Fees and Priority Claims

4.1 **General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.4, will be paid in full without post-petition interest.

4.2 **Administrative fees**

Counsel elects the standing order "no look" fee    ☑ Yes    ☐ No

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be ten percent of plan payments.

The debtor(s) attorney is awarded a fee in the amount of $ __3,600.00__ of which $ __3,600.00__ is due and payable from the bankruptcy estate. Included in this amount is a fee in the amount of $ __0__ for the modification. Fees are limited to the appropriate "No Look" fee amount or the allowed amount subject to a formal fee application.

4.3 **Priority claims other than attorney's fees and those treated in § 4.4.**

*Check one.*

☐   None. *If "None" is checked, the rest of § 4.3 need not be completed or reproduced.*

☑   The debtor estimates the total amount of other priority claims to be as follows:.

Domestic Support Obligations prepetition arrears other than those provided for in 4.4 below shall be disbursed by the Trustee:

| Claimant | Nature of Claim | Amount |
|---|---|---|
| -NONE- | | |

Ongoing Domestic Support Obligations shall be disbursed by debtor.

All other unsecured priority claims including tax claims shall be disbursed by the trustee as follows:

| Claimant | Nature of Claim | Amount |
|---|---|---|
| LA Dept of Revenue | 2015 Income Taxes (Assessed in 2016) | $30.00 |
| Simon Fitzgerald, LLC | Reimbursement of Noticing Costs | $250.00 |

**4.4 Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount**

*Check one.*

☑ None. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

### Part 5: Treatment of Non-priority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. Unscheduled nonpriority unsecured debts to which a timely proof of claim is filed will be allowed, unless objected to. All non-priority debts on schedule E/F, and unsecured and undersecured debts on schedule D, are incorporated herein by reference.

Based upon the scheduled unsecured and undersecured claims in the amount of $__56,599.49__, it is anticipated unsecured creditors will be paid approximately $__0.00__, which is approximately __0.00__ percent of their respective claims. However, the amount paid on any claim may vary depending on the actual filed and allowed claims.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid no less than $__0.00__. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Other separately classified nonpriority unsecured claims.**

*Check one.*

☑ None. *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

### Part 6: Executory Contracts, Unexpired Leases, and Unmodified Secured Debts paid per contract

**6.1** The executory contracts, unexpired leases, and Unmodified Secured Debts paid per contract listed here are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

☑ None. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor(s) upon entry of discharge or dismissal.**

### Part 8: Other Plan Provisions

**8.1 Adequate Protection Payments:**

Debtor(s) shall pay adequate protections payments and/or lease payments as scheduled below to the trustee. If the case is dismissed pre-confirmation the trustee shall disburse these adequate protection payments to the creditor, one for each plan payment received while the case was pending.

| Creditor | Adequate Protection Payment |
|---|---|
| Quantum3 Group LLC as agent for | $56.88 |

**8.2 Changed Circumstances.**

Debtor(s) shall fully and timely disclose to the trustee any change in income, marital status, domestic support obligation, employment, address, or financial recovery to which debtor(s) become entitled, including without limitation, claims for personal injury, employment, worker's compensation, unemployment compensation, inheritance, life insurance, lottery proceeds, or property settlements. These

Debtor(s): **Audra Michele Dugger**  Case Number: _____

funds shall be treated upon motion by trustee, debtor(s), or any party in interest.

## Part 9: Nonstandard Plan Provisions

☑ **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

## Part 10: Signatures

/s/ **Keith M. Welch**  Date: **April 8, 2019**
**Keith M. Welch #13347**
Signature of Attorney for Debtor(s)

/s/ **Audra Michele Dugger**  Date: **April 8, 2019**
**Audra Michele Dugger**
Debtor

_____  Date: _____
Joint Debtor

Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)

By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in Official Chapter 13 Plan Form for the Western District of Louisiana, other than any nonstandard provisions included in Part 9.

| | | |
|---|---|---|
| IN RE:  Audra Michele Dugger | : | Case No: 19-10520 |
| | : | |
| Debtors | : | Chapter 13 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **April 10, 2019,** I caused a copy of the foregoing **Chapter 13 Plan** to be served on the following registered ECF participants, electronically through the court's ECF System at the email address registered with the court:

Office of the U.S. Trustee                    Todd Johns, Chapter 13 Trustee

and also to all parties listed on the attached mailing matrix by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon through the third-party bankruptcy notice provider, BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.Bankr.P. 9001(9) and 2002(g)(4).

Dated: April 10, 2019

By: /s/ Qianna Y. Hauptman
Qianna Y. Hauptman
Legal Assistant to Keith M. Welch

Label Matrix for local noticing
0536-5
Case 19-10520
Western District of Louisiana
Shreveport
Wed Apr 10 15:42:25 CDT 2019

U. S. Bankruptcy Court
300 Fannin St., Suite 2201
Shreveport, LA 71101-3089

AT&T Mobility
POB 3020
Albuquerque, NM 87190-3020

Caddo Parish Sheriff
505 Travis St., 7th Floor
Shreveport, LA 71101-3029

(p)CAPITAL ONE
PO BOX 30285
SALT LAKE CITY UT 84130-0285

Credence
6045 Atlantic Blvd., Suite 210
Norcross, GA 30071-1322

Credit First
6275 Eastland Rd.
Brook Park, OH 44142-1399

Cristina Walker
Assistant United States Attorney
Western District of Louisiana
300 Fannin Street, Suite 3201
Shreveport, LA 71101-3120

Dept of Ed/Navient
POB 9635
Wilkes Barre, PA 18773-9635

Entergy Corporation
POB 6008
New Orleans, LA 70174-6008

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

LA Dept of Revenue
P.O. box 66658
Baton Rouge, LA 70896-6658

Louisiana Ofc of Student
Financial Assistance - c/o ECMC
POB 16358
Saint Paul, MN 55116-0358

Midland Credit Management
POB 2011
Warren, MI 48090-2011

Navient
123 S. Justison Street
Wilmington, DE 19801-5363

Navient Solutions Inc. on behalf
of Educational Credit Mgmt
POB 16408
Saint Paul, MN 55116-0408

Navient Solutions, Inc.
Dept of Education
Loan Services
POB 9635
Wilkes Barre, PA 18773-9635

Office of District Counsel
Internal Revenue Service
POB 30509
New Orleans, LA 70190-0509

(p)OMEGA DIAGNOSTICS LLC
PO BOX 731282
DALLAS TX 75373-1282

Origin Bank
1350 East 70th St.
Shreveport, LA 71105-4924

Progressive Leasing
256 W. Data Drive
Draper, UT 84020-2315

Quantum3 Group LLC as agent for
Wollemi Acquisitions LLC
POB 788
Kirkland, WA 98083-0788

Santander Consumer USA
POB 961245
Fort Worth, TX 76161-0244

United States Department Of Education
POB 5609
Greenville TX 75403-5609

United States Department of Education
Office of General Counsel
400 Maryland Avenue SW, Room 6E353
Washington DC 20202-0001

Verizon Wireless
POB 650051
Dallas, TX 75265-0051

Wollemi Acquisitions, LLC-AFSOP
CT Corporation System
3967 Plaza Tower Dr.
Baton Rouge, LA 70816

Audra Michele Dugger
750 Kingstown Place
Shreveport, LA 71108-6014

Keith M. Welch
Simon, Fitzgerald, Cooke, et al
4700 Line Ave. Suite 200
Shreveport, LA 71106-1533

| Office of U. S. Trustee | Todd Johns (Ch 13 Trustee) |
| 300 Fannin St., Suite 3196 | Chapter 13 Trustee |
| Shreveport, LA 71101-3122 | POB 1770 |
| | Shreveport, LA 71166-1770 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| Capital One Bank USA NA | Insolvency Unit | Omega Diagnostics, LLC |
| 15000 Capital One Drive | Internal Revenue Service | 3000 Knight St. Building 5 |
| Richmond, VA 23238 | 1555 Poydras St. | Ste 220 |
| | Suite 220, Stop 31 | Shreveport, LA 71105 |
| | New Orleans, LA 70112 | |

End of Label Matrix
Mailable recipients 31
Bypassed recipients 0
Total 31